CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 11 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:06cr00058-3 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| ANTWAN LAMAR JACKSON | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Petitioner, Antwan Lamar Jackson, filed this 28 U.S.C. § 2255 motion challenging his sentence of 87 months incarceration based on his conviction of a lesser included offense of conspiring to distribute at least five grams of cocaine base, in violation of 21 U.S.C. § 846. Jackson maintains that the court was without jurisdiction to convict him and that counsel provided ineffective assistance of counsel. The court finds that Jackson's claim regarding jurisdiction is procedurally barred and that his claim regarding ineffective assistance is too vague. Therefore, the court dismisses his § 2255 motion.

I.

On December 13, 2006, a grand jury in the Western District of Virginia returned an indictment against Jackson and his co-defendants. The indictment charged Jackson with conspiring to distribute at least five grams of cocaine base, in violation of 21 U.S.C. § 846 (Count 1), and distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (Count 3). Thereafter, on February 15, 2007, a grand jury in the Western District of Virginia returned a superceding indictment against Jackson and his co-defendants, adding an additional charge against Jackson for distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (Count 2). Upon oral motion by the government on February 26, 2007, the court dismissed Count 2 against Jackson.

On June 14, 2007, Jackson pleaded guilty to a lesser included offense of Count 1, conspiring

to distribute at least five grams of cocaine base. The court accepted his guilty plea, and, on September 21, 2007, sentenced Jackson to 108 months incarceration. Pursuant to the terms of the plea agreement, the court also dismissed Count 3 of the indictment. Jackson did not appeal. Thereafter, the court reduced Jackson's sentence to 87 months, by amended judgment entered April 9, 2008, pursuant to 18 U.S.C. § 3582(c), based on Amendment 706, the crack cocaine amendment, of the United States Sentencing Guidelines.

Jackson filed the instant motion on May 12, 2008 as an "Appeal Pursuant to Rule 60(b)(4)." Because it appeared he was attempting to challenge the validity of his criminal conviction and/or sentence, the court believed the motion was most properly construed and address by the court as a § 2255 motion. Accordingly, the court conditionally filed Jackson's motion as a § 2255 motion, giving him notice of the courts intended construction and an opportunity to object, as required by Castro v. United States, 540 U.S. 375 (2003). In that conditional filling order, the court also notified Jackson that if he wished to pursue his ineffective assistance of counsel claim in a § 2255 action, he must provide the court with more information and explain exactly what counsel did that constituted ineffective assitance. The time to object and provide further detail concerning his claims has now passed and Jackson has filed no response. Accordingly, the court will consider his motion as a § 2255 motion.

## II.

Jackson claims that the "court lacked jurisdiction over petitioner in accepting the indictment and plea." However, this claim is procedurally barred. A petitioner may not raise for the first time in a § 2255 petition a claim which he could have raised, but did not raise, on direct appeal, unless the petitioner establishes cause and prejudice capable of excusing default. Bousley v. United States, 523 U.S. 614 (1998); United States v. Pregent, 190 F.3d 279, 284 n.5 (4th Cir. 1999). Jackson did

2

not raise this claim on direct appeal, and he has not alleged cause and prejudice to excuse his default. Therefore, the court finds that this claim is procedurally barred.[1]

## III.

In order to establish a claim of ineffective assistance of counsel, Jackson must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's alleged deficient performance, the outcome of his hearing or case would have been different. Strickland v. Washington, 466 U.S. 668, 669 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). In this case, Jackson merely alleges that "counsel was ineffective as a matter of law." Despite being given the opportunity to amend his petition, Jackson provided no further information regarding this claim. The court finds that Jackson's allegation is far too vague and conclusory to meet either prong of Strickland. Therefore, the court dismisses Jackson's claim of ineffective assistance.

## IV.

For the reasons stated herein, the court dismisses Jackson's § 2255 motion.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to the parties.

ENTER: This 11th day of June, 2008.

United States District Judge

---

[1] Moreover, even if Jackson's claim was not procedurally barred, it nevertheless fails on the merits. The jurisdiction of federal courts over violations of the laws of the United States of America is well-established. A defendant charged with violating a federal law is not asked to submit to the jurisdiction of the federal courts. Rather, the United States Code endows the district courts of the United States "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. In this case, Jackson was charged, by an indictment returned by a federal grand jury, with violations of 21 U.S.C. §§ 841 and 846. Because Jackson was charged with violating federal statutes, this case lies squarely within the original federal court jurisdiction conferred under 18 U.S.C. § 3231. Accordingly, the court finds that it had jurisdiction to "accept[] the indictment and plea," and Jackson's claim fails.